# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVE M. ROSINKO, | ) | |
| Plaintiff, | ) | Civil Action No. 08-0445 |
| v. | ) | |
| MICHAEL J. ASTRUE, | ) | Magistrate Judge Lisa Pupo Lenihan |
| Commissioner of Social Security Administration, | ) | Doc. No. 3 |
| Defendant. | ) | |

## MEMORANDUM OPINION

LENIHAN, M.J.

      Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction (Doc. No. 3). Plaintiff filed this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. §405(g) after having been denied Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") by Defendant.[1] Defendant seeks dismissal of the above-captioned case for lack of subject matter jurisdiction, arguing that there has been no "final decision after a hearing" pursuant to 42 U.S.C. § 405(g). Plaintiff claims the Administrative Law Judge ("ALJ") failed to adhere to 20 C.F.R. § 416.1438 (c), which requires that the ALJ attempt to contact Plaintiff after his failure to acknowledge receipt of notice of the scheduled hearing. For the reasons set forth below, the Court will deny Defendant's Motion to Dismiss and remand to the ALJ for an evidentiary hearing on the merits of Plaintiff's claim for benefits.

---

1. Section 405(g) is made applicable to the Supplemental Security Income program by virtue of 42 U.S.C. § 1383(c)(3).

**I. PROCEDURAL HISTORY**

On May 18, 2005, Plaintiff, Steve M. Rosinko, filed a Title II application for a period of disability and DIB, and a Title XVI application for SSI. Both claims were initially denied on August 29, 2005. Thereafter, on September 7, 2005, Plaintiff timely filed his request for a hearing. Plaintiff was unrepresented at this time. (Order of Dismissal of R. Neely Owen, ALJ, October 15, 2007, Doc. No. 4-2 at 6.)

On August 31, 2007, a Notice of Hearing was mailed to Plaintiff at his last known address. The Notice of Hearing advised Plaintiff of the time and place of the hearing, and contained and a reminder that the failure to appear at the hearing without good cause could result in dismissal of Plaintiff's request for a hearing. The Notice of Hearing also asked the Plaintiff to return the enclosed Acknowledgment of Receipt (Notice of Hearing) form "to let the Hearing Office know that he had received the notice." (Order of Dismissal of R. Neely Owen, ALJ, October 15, 2007, Doc. No. 4-2 at 6.)

The Acknowledgment of Receipt (Notice of Hearing) form was never returned and Plaintiff did not appear at the hearing. (Order of Dismissal of R. Neely Owen, ALJ, October 15, 2007, Doc. No. 4-2 at 6.) Plaintiff asserts that he never received the Notice of Hearing form. (Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, Doc. No. 10 at 1; Rosinko Affidavit[2], Doc. No. 10-2 at ¶ 3.) Defendant sets forth no evidence to dispute this assertion. Plaintiff also asserts that no one from the Social Security Administration attempted to contact

---

2. Although Plaintiff entitles Doc. No. 10-2 as an affidavit, it is more properly characterized as a declaration.

him after he failed to return the Acknowledgment of Receipt (of the Notice of Hearing) form. (Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, Doc. No. 10 at 2.) Defendant sets forth no evidence to dispute this assertion.

Instead, on October 15, 2007, the ALJ issued an Order of Dismissal dismissing Plaintiff's September 7, 2005 Request for Hearing, finding "no good cause for [Plaintiff's] failure to appear at the time and place of hearing." (Doc. No. 4-2 at 6-7.) Thereafter, on October 17, 2007, Plaintiff submitted a timely appeal to the Appeals Council, which was denied on February 7, 2008. (Declaration of Paul Halse, Social Security Administration, Doc. No. 4-2 at 3.)

Finally, Plaintiff filed the above-captioned Complaint on April 3, 2008. (Doc. No. 1.) Thereafter, Defendant filed this Motion to Dismiss. (Doc. No. 3.)

## II. LEGAL STANDARD

There are two types of Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction: those that attack the complaint on its face, and those that attack subject matter jurisdiction as a matter of fact. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008). A facial attack involves "an alleged pleading deficiency." U.S. ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). A factual attack involves "the actual failure of [ plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." Id. The Court here characterizes the Defendant's motion as a factual attack because Defendant's motion to dismiss challenges whether the Court has subject matter jurisdiction based on the facts alleged.

In a factual attack, the Court must consider three procedural requirements. First, unlike a

facial attack, the Court attaches no presumption of truthfulness to the allegations of the Complaint. Petruska v. Gannon University, 462 F.3d 294, 302 n.3 (3d Cir. 2006). Next, the Court must place the burden of proving subject matter jurisdiction on the Plaintiff. Id. Finally, the Court may make factual findings decisive to the issue. That is, the Court may review evidence outside the pleadings and may weigh the evidence in an effort to satisfy itself as to the existence of its power to hear the case. Disputed material facts will not preclude the court from determining whether jurisdiction exists. Id.

Defendant argues that this Court lacks subject matter jurisdiction to hear this case. Specifically, Defendant argues that judicial review in Social Security cases is governed by Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405 (g) (emphasis added). Defendant argues that because there was no hearing, there was no judicially reviewable "final decision," and likewise, Plaintiff failed to exhaust his administrative remedies in failing to attend the hearing. Thus, concludes Defendant, the Court lacks subject matter jurisdiction.

Plaintiff responds that he did not receive the Notice of Hearing form, and as a consequence, did not return the Acknowledgment of Receipt form. Plaintiff states that, had he received the Notice of Hearing form, he would have returned the Acknowledgment of Receipt as necessary. (Rosinko Affidavit, Doc. No. 10-2 at ¶ 4.) Plaintiff concludes that the Defendant failed to adhere to its own regulations which require contacting the claimant if the claimant fails

4

to return the Acknowledgment of Receipt form. Further, Plaintiff contends that no one from the Defendant attempted to contact him after he failed to attend the originally-scheduled hearing. Plaintiff concludes, that due to no fault of his own, no hearing was available to him because of Defendant's violation of its own regulations.

**III. ANALYSIS**

In <u>Califano v. Sanders</u>, the United States Supreme Court relied on a literal interpretation of Section 205(g) and held that judicial review is clearly limited to a final decision of the Secretary made after a hearing. 460 U.S. 99, 108 (1977). <u>Sanders</u>, however, must be read in light of <u>Weinberger v. Salfi</u>, 422 U.S. 749 (1975), and <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976), which hold that the hearing requirement of § 405(g) is not always enforced. In <u>Mathews</u>, the Court explained that, implicit in <u>Salfi</u>, there are two conditions for review under Section 405(g). The non-waivable requirement is that a claim for benefits be presented to the Secretary. Without the presentation of a claim, there can be no "decision" by the Secretary, whether final or otherwise. 424 U.S. at 328. The second requirement, which may be waived, is that administrative remedies be exhausted. 424 U.S. at 328. In <u>Salfi</u>, the Supreme Court interpreted section 205(g) as allowing judicial review once an individual had presented an application for benefits to the Secretary and exhausted internal review procedures. 422 U.S. at 763-65. The Supreme Court explained, however, that waiver would not offend the administrative agency's policies underlying the exhaustion requirement:

> Exhaustion is generally required as a matter of preventing
> premature interference with agency processes, so that the agency
> may function efficiently and so that it may have an opportunity to
> correct its own errors, to afford the parties and the courts the

5

> benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Id. at 765.

Further, an administrative agency must follow its own regulations:

> "When an administrative agency promulgates rules to govern its proceedings, these rules must be scrupulously observed . . .. For once an agency exercises it discretion and creates the procedural rules under which it desires to have its actions judged, it denies itself the right to violate these rules. If an agency in its proceedings violates its rules and prejudice results, any action taken as a result of the proceedings cannot stand."

Black v. ICC, 737 F.2d 643, 652 n. 3 (7th Cir. 1984) (quoting Pacific Molasses Co. v. FTC, 356 F.2d 386, 389-90 (5th Cir. 1966) (citations omitted)). See also 42 U.S.C. § 405 (a) (Commissioner of Social Security has full power and authority to enact rules, regulations and procedures necessary to carry out provisions of Social Security Act.)

Here, 20 C.F.R. § 416.1438(a) states that after the hearing place and time is set, notice will be sent to the claimant at his last known address. The Regulations further state:

> The notice of hearing will ask you to return a form to let us know that you received the notice. If you or your representative do not acknowledge receipt of the notice of hearing, we will attempt to contact you for an explanation. If you tell us that you did not receive the notice of hearing, an amended notice will be sent to you by certified mail.

20 C.F.R. § 416.1438 (c). In addition, 20 C.F.R. § 416.1489 provides that "a determination or decision" will be reopened if "[a] clerical error was made."

Plaintiff contends that he never received notice of the hearing, which is the reason he did not attend. The agency did not contact Plaintiff for an explanation, as it is required to do, when it did not receive the acknowledgment receipt. Thus, the agency violated its own regulations in

failing to contact Plaintiff. Defendant does not present any evidence that it followed the appropriate notice procedures. Moreover, the Plaintiff has attempted to overturn the dismissal by using every administrative procedure available to him. Yet, because Defendant has violated its own regulations, Plaintiff is unable to take advantage of his statutory right to "reasonable notice and opportunity for a hearing." 42 U.S.C. § 405 (b)(1).

The case before us is factually similar to Howard v. Heckler, 661 F. Supp. 654 (N.D. Ill. 1986). In Howard, the plaintiff, after seeking reconsideration of an initial denial of benefits, did not receive notice of his requested hearing. 661 F. Supp. at 655. The Plaintiff in Howard also claimed he did not receive a "Notice to Show Cause for Failure to Appear." Id. The ALJ thereafter issued an order of dismissal. The plaintiff then requested review of the dismissal order by the Appeals Council; the Appeals Council upheld the dismissal. Thereafter, the plaintiff, like the Plaintiff here, filed an action in federal district court seeking judicial review of the Secretary's dismissal and a remand to the ALJ for a hearing on the merits of his disability claim. Id. The Secretary's argument was identical to the Defendant's argument here, that judicial review is allowed only after a final decision made after a hearing. In discussing the waivable and nonwaivable conditions of review pursuant to § 405(g) in light of Mathews and Salfi, and in examining the plaintiff's attempts to overturn the dismissal at the administrative level where no opportunity for a hearing was available, the court noted as follows:

> It would be curious indeed if the Secretary could foreclose judicial review, for whatever reason, by merely denying the claimant a hearing. This concern is heightened where, as here, the claimant alleges the agency denied him a hearing in violation of its own regulations.

661 F. Supp. at 656. The court in Howard was "not anxious to embrace a result that insulates an

7

administrative decision from judicial scrutiny where the claim is made that the agency failed to follow its own regulations." 661 F. Supp. at 656-67.

This Court, equally, is not anxious to embrace such a result. See Brandyburg v. Sullivan, 959 F.2d 555, 560 (5th Cir. 1992) (42 U.S.C. § 405(b)(1) guarantees those persons denied benefits reasonable notice and opportunity for a hearing). Plaintiff here has pursued every administrative avenue available to him. He does not seek a determination of benefits from the Court, but only his statutory right to reasonable notice and an opportunity for a hearing on his claim for benefits at the administrative level. He has presented his claim for benefits to the Secretary, as well as his claim for a hearing. The fact that a decision was made without a hearing is due to the failure of the Defendant to follow its own regulations. In fact, the regulations provide that in the event of a clerical error, the Defendant "will find that there is good cause to reopen a determination or decision." 20 C.F.R. § 416.1489(a)(2).

In considering similar issues relating to the Agency's obligation to follow its own rules, other courts have come to like conclusions. In Bellantoni v. Schweiker, 566 F. Supp. 313 (E.D.N.Y. 1983), the district court remanded to the Secretary where the claimant's request for review to the Appeals Council was untimely because the claimant never received notice of the ALJ's determination. In finding the Agency's decision reviewable pursuant to 42 U.S.C. § 405(g), the court noted as follows:

> Although it may be argued that there is no reviewable "final decision" of the Secretary on the ultimate issue of disability without a timely request for Appeals Council review, . . . it is quite another matter to suggest that the district court has no jurisdiction to review a decision of the Secretary finally denying an application for benefits solely on the basis of a procedural default. To so hold, would grant the agency unfettered discretion to arbitrarily deny claims regardless of the asserted justification for the default at issue. Since an individual's interest in disability benefits is protected by the Due Process Clause of the fifth amendment,

. . . such a construction would raise serious constitutional questions.

566 F. Supp. at 315 (citations omitted). See also Crumble v. Secretary of Health and Human Services, 586 F. Supp. 57, 60-61 (E.D.N.Y. 1984)(district court, citing "fundamental notions of due process," and "the spirit of the Social Security Regulations," remanded and "direct[ed] the ALJ to accord claimant an opportunity to substantiate his explanation" that he failed to receive notice of hearing form).

## IV. CONCLUSION

In conclusion, for the reasons set forth above, the Court must deny Defendant's Motion to Dismiss and remand this case to the Commissioner for a hearing on the merits of Plaintiff's claim for benefits. An appropriate Order will be entered.

Dated; 2/11/09　　　　　　　　　　　　By the Court:

　　　　　　　　　　　　　　　　　　　　LISA PUPO LENIHAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

cc:　　All Counsel of Record
　　　　Via Electronic Mail